THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-40-M

CATHLEEN BRYANT,

    Plaintiff,

v.

CORE CONTENTS RESTORATION, LLC.,
YVONNE D. McCORMICK, NICOLE S.
McCORMICK, KAREN J. KOSS, and
ADRIANE B. NULL,

    Defendants.

**ORDER**

This matter is before the undersigned on Plaintiff Cathleen Bryant's "Motion for Temporary, Preliminary and Permanent Injunctive Relief" (the "Motion") against Defendants Core Contents Restoration, LLC., Yvonne D. McCormick, Nicole S. McCormick, Karen J. Koss, and Adriane B. Null (collectively, the "Defendants") [DE-4].

In order to obtain a temporary restraining order the movant must show "(1) that [s]he is likely to succeed on the merits; (2) that [s]he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [her] favor; and (4) that an injunction is in the public interest." *Blackwell v. Wynn*, No. 5:18-CT-3147-BO, 2019 WL 5108136, at *2 (E.D.N.C. Oct. 11, 2019) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). Additionally, in order to obtain an *ex parte* temporary restraining order, Plaintiff must comply with Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiff has averred that she has made reasonable efforts to give Defendants notice of this Motion and that she may suffer irreparable harm from the sale of her personal valuables, which may occur at any time. Upon

consideration of this Motion, this Court finds good cause exists and a temporary restraining order should be issued.

First, although this Court offers no opinion regarding the ultimate merits of Plaintiff's action, at this stage, Plaintiff has shown a likelihood of sucess. For example, Plaintiff has shown a likelihood of success on the merits of her breach of contract claim. [DE-1 (the "Complaint") at ¶ 107.] "To state a claim for breach of contract, the complaint must allege that a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach." *Matthews v. Davis*, 191 N.C. App. 545, 550 (2008) (citing *Jackson v. Associated Scaffolders & Equip. Co.*, 152 N.C. App. 687, 692 (2002)). Plaintiff has alleged that: she entered into a contract with Core Contents Restoration, LLC., "[o]n or about October 2, 2018" [Complaint at ¶ 307]; that the contract provided, *inter alia*, "for safe, careful, appropriate storage" [*id.* at ¶ 306]; that her household items, including a mink coat and television, were not properly stored by Defendants [*id.* at ¶¶ 290-297]; and that she has suffered damage as a result [*id.* at ¶¶ 293, 1090].

Second, Plaintiff is likely to suffer irreparable harm in the absence of injunctive relief. Plaintiff has alleged that irreplaceable family heirlooms, including "[t]he large green dog eared book of army comics by Bill Mauldin, the only book Ms. Bryant remembers her father reading," and an "American Flag that graced the casket of Ms. Bryant's veteran father, along with his medals, rank bars, commendations, and keepsakes," are in Defendants custody. [*Id.* at ¶ 26]. Plaintiff has alleged that Defendants have started to sell her items [*id.* at ¶¶ 583, 610, 647-78] and that they will continue to do so at any time [*id.* at ¶¶ 624-625, 770].

Third, the Court finds that the harm Plaintiff may suffer if her personal items are sold exceeds the harm that Defendants will suffer by continuing to hold her items in storage. Any

damage to Defendants will be purely economic and can be remediated by imposing a bond on Plaintiff. If injunctive relief is granted, the status quo will remain while this action progresses.

Fourth, a temporary restraining order is in the public interest. The public will not be harmed by prohibiting Defendants from selling Plaintiff's property and Defendants will be able to continue operating their moving and storage business. In contrast, Plaintiff will suffer irreparable harm if her items are sold.

Based upon the foregoing, the Court concludes that a temporary restraining order is appropriate. Accordingly, it is hereby ORDERED that the Motion is GRANTED IN PART. The Court HOLDS IN ABEYANCE the portion of Plaintiff's motion requesting a preliminary and permanent injunction.

It is further ORDERED that Defendants are immediately enjoined and restrained from selling, concealing, converting, removing, or in any way disposing of any of Plaintiff's goods in Defendants' possession, custody, or control.

It is further ORDERED that Plaintiff Cathleen Bryant is DIRECTED to pay to the clerk four hundred fifty (450) dollars as security, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, within three (3) business days of the date of the entry of this order.

It is further ORDERED that this temporary restraining order shall remain in full force and effect for fourteen (14) days from the date of the entry of this order or until the Court orders otherwise, whichever is earlier. Prior to the expiration of that 14-day period, Plaintiff may apply for an extension of this temporary restraining order for good cause shown.

So ordered this the 3rd day of March, 2020 at 3:30 p.m.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE