| | |
|---|---|
| CATHLEEN BRYANT,<br><br>                 Plaintiff,<br><br>v.<br><br>CORE CONTENTS RESTORATION, LLC.,<br>YVONNE D. McCORMICK, NICOLE S.<br>McCORMICK, KAREN J. KOSS, and<br>ADRIANE B. NULL,<br><br>                 Defendants. | **ORDER** |

This matter is before the Court on the preliminary injunction portion of Plaintiff Cathleen Bryant's "Motion for Temporary, Preliminary and Permanent Injunctive Relief" [DE-4 (the "Motion")], requesting injunctive relief against Defendants Core Contents Restoration, LLC. ("Core Contents" or "Core"), Yvonne D. McCormick, Nicole S. McCormick, Karen J. Koss, and Adriane B. Null (collectively, the "Defendants"). The Court previously granted the portion of the Motion requesting a temporary restraining order. [DE-8; DE-14.] The parties have fully briefed Plaintiff's request for a preliminary injunction, and the issues raised are ripe for ruling. At the hearing on the motion for a preliminary injunction, Defendants did not object to the entry of a preliminary injunction. The portion of Plaintiff's Motion requesting a preliminary injunction is GRANTED for the reasons set forth below.

I.      Preliminary Injunction Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "The standard for granting either a TRO or a preliminary injunction is the same." *ABC Phones of North Carolina, Inc. v. Yahyavi*, No. 5:20-CV-0090-BR, 2020 WL 1668046, at *2 (E.D.N.C. Apr. 3, 2020) (citation omitted). Where a plaintiff seeks to maintain the status quo, here by prohibiting Defendants from selling Plaintiff's goods in their possession, "Plaintiff[] must demonstrate that (1) [she is] likely to succeed on the merits; (2) [she] will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in [her] favor; and (4) the injunction is in the public interest." *League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) (citing *Winter*, 555 U.S. at 20).

II. Irreparable Harm, Balance of Hardships, and Public Interest

Defendants do not appear to contest that Plaintiff has met her burden on three of the four prerequisites for a preliminary injunction: that Plaintiff is likely to suffer irreparable harm, that the balance of hardships weigh in her favor, and that the injunction is in the public interest. [DE-33.] The Court also finds no reason to depart from its earlier conclusion that Plaintiff has demonstrated each of these requirements. [*See* DE-8 ("Second, Plaintiff is likely to suffer irreparable harm . . . . Third, the Court finds that the harm Plaintiff may suffer . . . exceeds the harm that Defendants will suffer . . . . Fourth, a temporary restraining order is in the public interest.").]

Defendants sole argument against granting the preliminary injunction is that, for the reasons set out in their motion to dismiss [DE-31], "Plaintiff is unlikely to succeed on the merits of her claim, and therefore, the injunctive relief sought is unwarranted." [DE-33 at 2.]

III. Likely to Succeed on the Merits

Plaintiff has alleged over twenty independent causes of action ranging from negligence to conversion to North Carolina deceptive trade practices to Florida statutory violations to claims under the Carmack Amendment, 49 U.S.C. § 14706. [*See* DE-1.] However, where the Carmack Amendment,

2

which governs certain claims for lost or damaged goods arising out of interstate shipment, see *Ward v. Allied Van Lines, Inc.*, 231 F.3d 135, 138 (4th Cir. 2000), applies, "[m]ost courts . . . have taken the view that virtually every kind of state cause of action relating to the contract of shipment . . . . is preempted." *Richter v. N. Am. Van Lines, Inc.*, 110 F. Supp. 2d 406, 411 (D. Md. 2000) (citations omitted).

Recognizing that most, if not all, of Plaintiff's claims may be preempted by the Carmack Amendment, the Court ordered supplemental briefing on the applicable scope of Carmack preemption. [DE-44.] Defendants have taken the position that Defendant Core's primary business is restoration, not transportation, and that Core is therefore exempt from Carmack claims (and, in turn, its preemptive power) under 49 U.S.C. § 13505 [DE-49 at 2], which exempts transportation "further[ing] a primary business (other than transportation)." Plaintiff has moved for partial summary judgment on the issue, but her motion is not yet ripe. [DE-64.] At least at this juncture and for purposes of the instant request for relief, the Court preliminarily finds that Defendant Core is subject to Carmack,[1] and thus, because the remainder of Plaintiff's claims may be preempted, addresses only whether Plaintiff has demonstrated a likelihood of success on her Carmack claim. *See Nelson v. Beaufort Liquidation Center, LLC*, No. 9:07-811-PMD, 2007 WL 9747705, at *2 (D.S.C. Apr. 2, 2007) (Plaintiff need only "demonstrate[] likelihood of success on the merits for at least one cause of action"). Although the Court declines to rule on Defendants' motion to dismiss at this juncture—whether and to what extent Carmack applies will

---

[1] Most of Plaintiff's allegations have nothing to do with restoration, but instead arise out of Defendants' agreement to transport Plaintiff's goods to her ternporary house and to Florida for storage and then back. [DE-1 ¶¶ 306-07.] Further, the first estimate that Plaintiff received for Defendants' services from Defendants [DE-1 ¶ 694], was for a total cost of $61,560.91 [DE-1, Exh. E], and only $16,280.72, or approximately 26.4%, of the $61,560.01 is attributable to cleaning or restoration [DE-1, Exh. E]. Moreover, Plaintiff has asserted that Defendant "Core is a Motor Carrier" and a "household goods Motor Carrier," and that the contract and Defendant Core's primary purpose is "[t]he packing, transportation, and storage of property." [DE-1 ¶¶ 32, 34, 93]; *see also Syracuse Plastics, Inc. v. Guy M. Turner, Inc.*, 959 F. Supp. 147, 151 (N.D.N.Y. 1997).

heavily shape the Complaint and this action—it briefly addresses each of Defendants' relevant arguments raised therein.

   A. Failure to State a Claim

Defendants argue that Plaintiff has failed to state a claim. [DE-32 at 9-11.] "In order to recover under Carmack, shippers need only make out a *prima facie* case. A *prima facie* case requires that [Plaintiff] show 'good origin condition, damaged destination condition, and the amount of damages.' If established by the shipper, a *prima facie* case 'shift[s] the burden to the carrier to prove that it was not negligent and that the damage was caused by an event excepted by the common law.'" *Saacke N. Am., LLC v. Landstar Carrier Servs., Inc.*, No. 5:11CV107-RLV, 2013 WL 7121197, at *5 (W.D.N.C. Dec. 19, 2013) (citations omitted). "[T]he Carmack Amendment imposes what is akin to a strict liability scheme, under which a carrier is held liable, without proof of negligence, for the loss or damage to goods transported." *McKesson Corp. v. Longistics Transp, Inc.*, No. 5:09-CV-250-F, 2010 WL 11564989, at *9 (E.D.N.C. Nov. 4, 2010).

Here, Plaintiff has alleged that she and Core agreed that Core was to "load, transport and unload some of" Plaintiff's goods from her current home "to a temporary house approximately 4 miles away, load and transport the remaining [goods] to transport to Florida for safe, careful, appropriate storage, as long as Plaintiff needs . . . and then transport Plaintiff's [goods] from both Florida and the temporary house in North Carolina, back to her Home in North Carolina when requested by Plaintiff, [and] unload, unpack and inventory all of Plaintiff's [goods] at Plaintiff's Home." [DE-1 ¶ 306.] Plaintiff has also alleged that Defendants lost [*e.g.*, DE-1 ¶ 489, 581] and damaged [*e.g.*, DE-1 ¶¶ 293, 373, 405, 598] her goods. Further, Plaintiff alleges that Defendants have started converting her goods, valued at over $200,000 [DE-1 ¶ 21], through private auction [*e.g.*, DE-1 ¶ 568, 590] for failure to pay additional storage costs that Plaintiff was reassured would not accrue [DE-1 ¶ 285 ("Yvonne responded that Core

4

did not charge monthly for storage")]—"Adriane specifically stated in writing that none of Plaintiff's [goods] would be released unless Core received all of what Core was demanding to be paid." [DE-1 ¶ 649; *see also* DE-1 ¶ 661 ("Yvonne and Adriane threatened to sell Plaintiff's [goods] to satisfy unreasonable, unjustified, and predatory charges that Plaintiff didn't owe").]

### B. Standing

Defendant next argues that Plaintiff has failed to allege standing under Article III of the Constitution and that Plaintiff is not the real party in interest under Federal Rule of Civil Procedure Rule 17(a). [DE-32 at 6-7.] Defendants argue that Plaintiff is not party to the contract is at issue, which was instead signed by Plaintiff's mother, Mary Ann Collins. [DE-32 at 6-7, Ex. A.] Plaintiff responds that the contract Defendants refer to in their motion to dismiss is not the operative agreement nor the subject of the pleadings, and that, instead, "Pltf did not sign any documents and had a verbal agreement with Def's." [DE-38 at 10; *see also* DE-38 at 5 ("Neither the alleged WAuth nor any other agreement Def's may have with any other person is the basis of Pltf's complaint.").]

Contrary to Defendants' arguments concerning standing, under the Carmack Amendment, "[c]ourts have held that . . . persons beneficially interested in the shipment although not in possession of the actual bill of lading . . . have standing to sue," including "the owner of the property that is the subject of this lawsuit." *Shamoun v. Old Dominion Freight Line, Inc.*, No. 3:19-CV-2034-G, 2020 WL 570903, at *5-6 (N.D. Tex. Feb. 4, 2020) (citations omitted). Here, Plaintiff has alleged that no bill of lading or receipt has been issued, and that she is the owner of the home [DE-40 ¶ 10] and goods [DE-1 ¶ 9; DE-38, Ex. A] that are the subjects of this action.

Next, with respect to Rule 17, "[t]he meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation. Whether a plaintiff is entitled to enforce the

5

asserted right is determined according to the substantive law." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973) (footnote omitted). "The rule abides, as it originally was: A simply-worded capture of the fundamental premise that a complaint should be brought by the person who, according to the governing substantive law, is entitled to enforce the right." *In re New Bern Riverfront Dev., LLC*, No. 09-10340-8-SWH, 2018 WL 4381516, at *3 (Bankr. E.D.N.C. Sept. 12, 2018) (internal quotation marks and citations omitted). Here, Plaintiff appears authorized to bring a claim under Carmack, see *supra*, and she has a "significant interest" in vindicating the alleged loss, damage, and conversion of her goods by Defendant Core.

      C. Improper Venue

Defendants argue that venue is improper because the contract they state is at issue contains a provision requiring "that venue for any legal proceedings shall be in St. Lucie County, Florida and that Florida law shall govern all disputes relating to this agreement." [DE-32 at 8, Ex. A.] But, as *pro se* Plaintiff observes, binding Supreme Court precedent establishes that a venue objection based upon a forum-selection clause may not be asserted under Rule 12(b)(3). "[I]n *Atlantic Marine [Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013)], the Supreme Court clarified that a party may not seek to enforce a forum selection clause by moving to dismiss for improper venue." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018). "[T]ransfer pursuant to § 1404(a) is the prescribed enforcement mechanism of a forum-selection clause that 'point[s] to a particular federal district'" and 'the doctrine of *forum non conveniens* . . . is the appropriate means for enforcement of a forum-selection clause that 'point[s] to a state or foreign forum.'" *EarthKind, LLC v. Lebermuth Co. Inc.*, No. 5:19-CV-00051-KDB-DCK, 2020 WL 1815903, at *3 (W.D.N.C. Apr. 9, 2020) (quoting *Atl. Marine*, 571 U.S. at 59-60).

D. Failure to Join a Necessary Party

Defendants also assert that the estate of Mary Ann Collins[2] is an indispensable party to this action under Fed. R. Civ. P. 19, and that the Complaint should be dismissed for failure to join a necessary party under Fed. R. Civ. P. 12(b)(7). [DE-32 at 11.] As an initial matter, "[t]he party making the Rule 12(b)(7) motion bears the burden of showing that required parties have not been joined." *Mortg. Payment Prot., Inc. v. Genworth Mortg. Ins. Corp.*, No. 5:11-CV-00075-D, 2012 WL 569906, at *12 (E.D.N.C. Jan. 20, 2012) (citing *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)), *report and recommendation adopted*, No. 5:11-CV-75-D, 2012 WL 569895 (E.D.N.C. Feb. 22, 2012). Although the Court declines to rule on the issue here, Defendants mere recitation of the potentially applicable Federal Rules has likely not carried their burden. *See Williamson v. Prime Sports Mktg., LLC*, No. 1:19-CV-593, 2020 WL 1975406, at *3 (M.D.N.C. Apr. 24, 2020) ("Here, Defendants have not met their burden of showing that the Absentees are needed for a just adjudication."). The general rule is that "[i]n cases in which the beneficiary is a party, the courts uniformly reject the argument that all of the original parties to the contract must be joined," and Defendants have provided no compelling reason to depart from that general rule. Mary K. Kane, 7 Fed. Prac. and Pro. (Wright & Miller), § 1613 - Application of Rule 19 in Particular Actions and Proceedings—Contracts (3d ed., Apr. 2020).

---

[2] After Defendants filed their motion to dismiss, which references Mary Ann Collins, they discovered that Mary Ann Collins had died prior to the filing of the instant lawsuit. [DE-36 at 1-2.] Defendants thereafter filed a motion to amend their memorandum of law filed in connection with their motion to dismiss. [DE-36.] The amended memorandum replaces references to 'Mary Ann Collins' with 'the Estate of Mary Ann Collins' and includes documentation of Mary Ann Collins' death and will as an additional exhibit. In accordance with the Court's oral ruling at the hearing on Plaintiff's motion for a preliminary injunction, Defendants' motion to amend their memorandum of law in support of their motion to dismiss [DE-36] is GRANTED for good cause shown. The Court has considered Defendants' amended memorandum of law here. As set forth below, Defendants are instructed to separately file their amended memorandum of law and additional exhibit.

7

IV. Security Requirement

Fed. R. Civ. P. Rule 65 specifies that a "court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "[T]he district court retains the discretion to set the bond amount as it sees fit or waive the security requirement." *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013) (citations omitted). The Court finds that the monthly additional cost for Defendants to continue to store Plaintiff's goods is the appropriate amount of security. [DE-1 ¶ 733 ("Adriane and Yvonne claimed Plaintiff's charges will increase by $889 each month starting February 3, 2020.")]; *cf. Eberling v. R.M. Sterling Mortg. Servs., Inc.*, No. SACV 10-1831 AG RNBX, 2011 WL 2419465, at *2 (C.D. Cal. Apr. 6, 2011) ("The Court finds that in setting the bond in a foreclosure case, monthly payments are an appropriate alternative."); *Amazon Web Servs., Inc. v. United States*, 147 Fed. Cl. 146, 159 (2020) (imposing security based on monthly cost to defendant).

V. Conclusion

For the foregoing reasons, the portion of Plaintiff's Motion [DE-4] requesting a preliminary injunction is GRANTED. Defendants are ENJOINED during the pendency of this litigation from selling, concealing, converting, removing, or in any way disposing of any of Plaintiff's goods in Defendants' possession, custody, or control.

It is further ORDERED that Plaintiff Cathleen Bryant is DIRECTED to pay to the Clerk eight hundred eighty-nine (889) dollars as security, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, by the fourth of the month or the first business day after if the fourth falls on a weekend or court holiday, beginning August 4, 2020, every month for the pendency of this case.

As stated above, see *supra* n.3, Defendants' motion to amend their memorandum of law filed in

connection with their motion to dismiss [DE-36] is GRANTED. Defendants are DIRECTED to docket the amended memorandum of law and its accompanying exhibits within seven (7) days of the date of entry of this order.

Finally, pursuant to Local Rule 72.3(h)(2), this matter is hereby REFERRED to United States Magistrate Robert B. Jones, Jr. to conduct a court-hosted settlement conference. The conference shall take place as soon as reasonably practicable, but not later than August 11, 2020.

So ORDERED this the 21st day of July, 2020.

*Richard E Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE