THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-40-M

CATHLEEN BRYANT,

    Plaintiff,

v.

CORE CONTENTS RESTORATION, LLC.,
YVONNE D. McCORMICK, NICOLE S.
McCORMICK, KAREN J. KOSS, and
ADRIANE B. NULL,

    Defendants.

**ORDER**

This matter is before the Court on Plaintiff's "Motion for Temporary, Preliminary and Permanent Injunctive Relief" [DE-4] and Plaintiff's "Motion to Compel Enforcement of Agreement or in the alternative Motion for Extension of Time to Comply with Bond Requirements" [DE-73].

    I.    Motion for Permanent Injunction

On March 2, 2020, Plaintiff filed a "Motion for Temporary, Preliminary and Permanent Injunctive Relief." [DE-4.] The Court previously ruled on the portions of Plaintiff's motion seeking temporary and preliminary injunctive relief: the Court issued a TRO on March 3, 2020, prohibiting Defendants from selling or otherwise disposing of Plaintiff's goods [DE-8]; and the Court issued a preliminary injunction on July 21, 2020, prohibiting the same [DE-68]. Only the portion of Plaintiff's motion requesting permanent injunctive relief remains pending, but Plaintiff's request is premature.

"A party seeking a permanent injunction must demonstrate 'actual success' on the merits, rather than a mere 'likelihood of success' required to obtain a preliminary injunction." *Mayor of Baltimore v. Azar*, --- F.3d ---, No. 19-1614 & No. 20-1215, 2020 WL 5240442, at *8 (4th Cir. Sept. 3, 2020) (citing *Amoco Prod. Co. v. Vill. Of Gambell*, 580 U.S. 531, 546 n.12 (1987)); *see also Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, No. 1:04CV00977, 2007 WL 4262725, at *2 (M.D.N.C. Nov. 30, 2007) ("A permanent injunction is an equitable remedy issued after the parties have had a trial on the merits." (citation omitted)); *EQT Prod. Co. v. Wender*, 191 F. Supp. 3d 583, 589 (S.D.W. Va. 2016) ("A permanent injunction is a form of equitable relief, appropriately granted when the court has found for the plaintiff on the merits of one or more of its claims and a legal remedy would be insufficient." (citation omitted)), *aff'd*, 870 F.3d 322 (4th Cir. 2017).

Here, the Court has not reached an adjudication on the merits. Defendants' motion to dismiss is pending [DE-31], and Plaintiff's motion for partial summary judgment has not yet been fully briefed [DE-64]. Plaintiff, at this juncture, has not shown entitlement to relief as a matter of law. *Cf. FelCor Lodging Ltd. P'ship v. Kingston Concierge, LLC*, No. CIV.A. 4:09-02843, 2012 WL 1067744, at *3 (D.S.C. Mar. 29, 2012) (finding that where genuine issues of material fact existed, issuance of permanent injunction would be inappropriate); *Tulk v. Cavender*, No. 2:15-CV-11653, 2017 WL 1016951, at *3 (S.D.W. Va. Feb. 15, 2017) (finding that entitlement to permanent injunctive relief was "premature" where "outstanding questions concerning the proper parties in this matter and factual issues [] may need further development in discovery"), *report and recommendation adopted*, No. CV 2:15-11653, 2017 WL 970280 (S.D.W. Va. Mar. 13, 2017). Accordingly, Plaintiff's request for a permanent injunction is DENIED as premature. Plaintiff may refile her request at the appropriate time.

II. Motion to Compel Enforcement of Agreement or, in the alternative, Motion for Extension of Time to Comply with Bond Requirements

Through her motion to compel enforcement and extend time, Plaintiff seeks: (1) to enforce an alleged settlement agreement; and (2) an extension of time to post the bond payment required in connection with the preliminary injunction. [DE-73.]

First, the Court declines to enforce the purported settlement. In order for a court "[t]o exercise [its] inherent power [to enforce a settlement agreement], a district court must (1) find that the parties reached a complete agreement and (2) be able to determine its terms and conditions." *White v. Gaston Cty. Bd. of Educ.*, No. 316CV00552MOCDSC, 2018 WL 4113353, at *2 (W.D.N.C. Aug. 29, 2018). Plaintiff seizes upon a statement made by Defendants' counsel in an email—"At this point, I don't think there is any issue with you accessing your goods or having a third party to deliver to North Carolina. So I don't believe they are being held hostage" [DE-73-4]— and argues it constitutes an agreement to return her goods. However, the emails, read as a whole, do not support Plaintiff's claim. Defendants' counsel was responding to Plaintiff's allegation that Defendants are holding her goods hostage (i.e. arguing that they are not), the parties were discussing preparations for the upcoming mediation [DE-73-7 ("I think remote inspection is a good idea. Do you want to try to do this *before the mediation?*" (emphasis added))]—had they agreed to settle, the upcoming mediation would have been unnecessary—and were discussing the *possibility, not actuality*, of settlement [DE-73-7 ("If you are truly interested in setting [sic] this case . . . .")]. The Court finds that there was no agreement, much less a complete one with discernable terms and conditions, and Plaintiff's request is DENIED.

Second, Plaintiff seeks an extension of time to comply with the preliminary injunction's

3

bond requirement. Plaintiff's first monthly $889 bond payment was due on August 4, 2020 [DE-68], but Plaintiff failed to post payment and instead filed the instant motion on August 7, 2020, seeking an extension of payment until August 20, 2020 [DE-73]. On August 20, 2020, Plaintiff posted the first payment, which the Court accepted, and so her request for an extension of time is now MOOT. Plaintiff is reminded that she is required to post bond payments on time and that failure to do so may result in the Court dissolving her preliminary injunction, see *McNichols v. Windsor Capital Mortg. Corp.*, No. CV-07-60-BLG-RFC, 2008 WL 11414608, at *2 (D. Mont. Jan. 10, 2008) (dissolving preliminary injunction where Plaintiff failed to pay bond), or dismissing the action, see *Lattomus v. Gen. Bus. Servs. Corp.*, 911 F.2d 723 (4th Cir. 1990) (affirming dismissal with prejudice for failure to post a required bond). *See* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2954, Requirement of Security for the Issuance of a Preliminary Injunction or Temporary Restraining Order (3d ed.) ("In fact, the failure to post a bond may warrant dismissal").

III. Conclusion

For the foregoing reasons, the portion of Plaintiff's "Motion for Temporary, Preliminary and Permanent Injunctive Relief" [DE-4] requesting permanent injunctive relief is DENIED as premature. Plaintiff's "Motion for Temporary, Preliminary and Permanent Injunctive Relief" [DE-4] has now been fully adjudicated. Additionally, Plaintiff's "Motion to Compel Enforcement of Agreement or in the alternative Motion for Extension of Time to Comply with Bond Requirements" [DE-73] is DENIED.

SO ORDERED, this the 16th day of September, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE